# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID WHITEHEAD and TERRI WHITEHEAD,
    Plaintiffs,

v.                  Case No. 15-C-0261

DISCOVER BANK and MESSERLI & KRAMER,
    Defendants.

## DECISION AND ORDER

David and Terri Whitehead filed a complaint under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Wisconsin Consumer Act, Wis. Stat. § 427.104, against Discover Bank and the law firm of Messerli & Kramer. Before me now is the plaintiffs' motion to strike one of the defendants' affirmative defenses. See Fed. R. Civ. P. 12(f). The affirmative defense at issue is based on the bona fide error provisions of the FDCPA and WCA. See 15 U.S.C. § 1692k(c); Wis. Stat. § 425.301(3).

The factual allegations of the complaint are described in detail in my decision on the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. See Whitehead v. Discover Bank, __ F. Supp. 3d __, 2015 WL 4668758 (E.D. Wis. Aug 7, 2015). For purposes of the present motion, it is sufficient to note that the plaintiffs' FDCPA and WCA claims are based on two alleged missteps: (1) the defendants, in violation of state law, failed to personally serve the Whiteheads with notice of the commencement of a state-court garnishment proceeding; and (2) the defendants, in violation of state law, continued to accept payments from the garnishee while the Whiteheads' answer to the garnishment was pending. With respect to the first claim, the

defendants contend that they properly served the garnishment form on the Whiteheads because they mailed it to the attorney who represented them prior to entry of the state-court judgments. See Answer ¶ 20. With respect to the second claim, the defendants admit that they continued to collect payments from the garnishee while the answer was pending, id. ¶ 18, but they contend that state law did not prohibit them from doing so.

In their answer, the defendants asserted the following as an affirmative defense:

> Plaintiffs' claims are barred by the bona fide error provisions of the FDCPA, 15 U.S.C. Section 1692k(c), and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 425.301(3). Defendants affirmatively state that any violation of the FDCPA or WCA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA or WCA, such as those alleged in this case.

¶ 44. The plaintiffs move to strike this defense on the ground that it has not been pleaded with sufficient detail.

Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it." Rule 8(c) requires a party to affirmatively plead an affirmative defense. The purpose of these rules is to avoid surprise and undue prejudice to the plaintiff by providing him or her notice and the opportunity to demonstrate why a defense should not prevail. Venters v. City of Delphi, 123 F.3d 956, 967 (7th Cir. 1997).

In the present case, the defendants' pleading of the bona fide error affirmative defense is inadequate. The defendants merely paraphrase the language of the statutes.

They do not identify the procedures they maintained that might be applicable to this suit or otherwise plead any information that would enable the plaintiff to figure out how the defense could defeat their claims. Likewise, in their brief in opposition to the motion to strike, the defendants do not explain how the bona fide error defense could possibly apply to the plaintiffs' claims. The plaintiffs (and the court) are left to guess at how the defense could succeed. Accordingly, the defendants' answer does not provide the plaintiffs with notice and the opportunity to demonstrate why the defense should not prevail. I will grant the motion to strike.

For the reasons stated, **IT IS ORDERED** that the plaintiffs' motion to strike is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2015.

s/ Lynn Adelman

LYNN ADELMAN
District Judge